IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE NICHOLS, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 17-1104-JDT-cgc |
| | ) | |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING PLAINTIFF JACKSON,
SEVERING REMAINING PLAINTIFFS, ADDRESSING FEE ISSUES AND
DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER

On June 5, 2017, a *pro se* civil complaint was filed pursuant to 42 U.S.C. § 1983 by six Tennessee Department of Correction inmates: Terrance Nichols, prisoner number 359992; Terrence Burnett, prisoner number 293592; Curtis James Jackson, prisoner number 404827; Rodney Smith, prisoner number 14209; Artis Whitehead, prisoner number 369413; and James Blue, prisoner number 277214. At the time the complaint was filed, all six were confined at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. The complaint is signed by all except Plaintiff Whitehead. The filing fee was not paid, but only four of the Plaintiffs have submitted motions to proceed *in forma pauperis*.

Although Plaintiff Jackson signed the complaint and submitted a motion to proceed *in forma pauperis*, the TDOC Felony Offender Information website shows that he has been paroled. *See* https://apps.tn.gov/foil-app/search.jsp. However, he has provided the Court

with no change of address. The most basic responsibility of a litigant is to keep the Court advised of his whereabouts, but Plaintiff Jackson has failed to do so. Therefore, it appears he has abandoned this action. Accordingly, Plaintiff Jackson's claims are hereby DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. His motion to proceed *in forma pauperis* (ECF No. 7) is DENIED as moot.

It is not practicable for the five remaining Plaintiffs to litigate their claims in a single action. The Court hereby SEVERS the claims of Plaintiffs Terrence Burnett, Rodney Smith, Artis Whitehead and James Blue. The Clerk is directed to open new civil actions for these four Plaintiffs and to docket a copy of the complaint and this order in each new case. The instant case will proceed with Terrance Nichols as the sole Plaintiff.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

Plaintiff Nichols

Plaintiff Terrance Nichols has failed to submit a motion to proceed *in forma pauperis*. Therefore, Plaintiff Nichols is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff Nichols a copy of the prisoner *in forma pauperis* affidavit form along with this order. If he needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiff Nichols timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff Nichols fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff Nichols is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

Plaintiffs Burnett, Smith and Blue

Plaintiffs Terrence Burnett, Rodney Smith and James Blue all have properly submitted motions to proceed *in forma pauperis* and certified copies of their inmate trust account statements as required by the PLRA. (ECF Nos. 5, 6, & 8.) Therefore, leave to proceed *in forma pauperis* is GRANTED as to these three Plaintiffs in accordance with the terms of the statute. The $350 filing fees will be assessed in separate orders once the Clerk opens new cases for Burnett, Smith and Blue.

Plaintiff Whitehead

The TDOC website shows that Plaintiff Whitehead is currently incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. Therefore, when opening his new case, the Clerk is directed to ensure the docket reflects Whitehead's current location at the NWCX, 960 State Route 212, Tiptonville, TN 38079.

Plaintiff Whitehead did not sign the complaint and has failed to either pay the civil filing fee or submit a motion to proceed *in forma pauperis* and a copy of his inmate trust account statement. Therefore, the Clerk is directed to mail a copy of page 62 of the complaint to Plaintiff Whitehead, which contains the signature block where he failed to sign the document. Plaintiff Whitehead is ORDERED to sign that page and return it within 30 days after the date of this order. Failure to do so will result in dismissal of his case pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

Plaintiff Whitehead is also ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application

4

to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff Whitehead a copy of the prisoner *in forma pauperis* affidavit form along with this order. If he needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiff Whitehead timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff Whitehead fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff Whitehead is transferred to different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

On June 16, 2017, two motions for temporary restraining order and preliminary injunction were filed by Plaintiff Whitehead concerning certain HCCF policies regarding Muslim inmates. (ECF Nos. 3 & 4.) While the motions purport to be filed on behalf of all

5

of the Plaintiffs, they are signed only by Whitehead.  Because he is no longer confined at the

HCCF, his requests for injunctive relief are DENIED as moot.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE